## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **DEPHNE NGUYEN WRIGHT,** | § | |
| **No. 2346111,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **NO. 4:23-CV-753-O** |
| | § | |
| **DIRECTOR, TDCJ-CID,** | § | |
| | § | |
| **Respondent.** | § | |

### OPINION AND ORDER

Came on for consideration the petition of Dephne Nguyen Wright under 28 U.S.C. § 2254 for writ of habeas corpus. The Court, having considered the petition, the response, the reply, the record, and applicable authorities, concludes that the petition should be **DENIED**.

### I.     BACKGROUND

Petitioner is serving a life sentence imposed following her conviction under Case No. 1581714R in Criminal District Court No. 3, Tarrant County, Texas, for capital murder. ECF No. 15-38 at 7–8. Her conviction was affirmed on appeal. *Wright v. State*, No. 01-19-00781-CR, 2021 WL 3358014 (Tex. App.—Houston [1st Dist.] Aug. 3, 2021, pet. ref'd). The Court of Criminal Appeals of Texas ("CCA") refused her petition for discretionary review. *Id.* Her state habeas application was denied without written order on findings of the trial court without hearing and on the independent review of the CCA. ECF No. 15-41 (Action Taken). The United States Supreme Court denied her petition for writ of certiorari. *Wright v. Texas*, 143 S. Ct. 2566 (2023).

## II.      GROUND OF THE PETITION

Petitioner urges one ground in support of her petition, alleging that she received ineffective assistance of appellate counsel. She contends that counsel should have raised the issue of the trial court's denial of her motion to suppress. ECF No. 1 at 6.

## III.     APPLICABLE LEGAL STANDARDS

### A.      Section 2254

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

(1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407–09; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244–46 (5th Cir. 2002) (*en banc*) (focus should be on the ultimate legal conclusion reached by the state court and not on whether that court considered and discussed every angle of the evidence). A determination of a factual issue made by a state court is presumed

2

to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may infer fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Texas Court of Criminal Appeals denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### B.    Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) (*per curiam*). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a petitioner must prove that counsel's errors "so *undermined* the proper functioning of the adversarial process that the trial

cannot be relied on as having produced a just result." *Cullen*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the petitioner must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000) (citing *Jones v. Barnes*, 463 U.S. 745 (1983)). "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome. *Id.* (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)). Proving that an unraised claim is clearly stronger is generally difficult because the comparative strength of two claims is usually debatable. *Makiel v. Butler*, 782 F.3d 882, 898 (7th Cir. 2015).

Where the state court adjudicated the ineffective assistance claims on the merits, this Court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and § 2254(d). *Cullen*, 563 U.S. at 190. In such cases, the "pivotal question" for the Court is not "whether defense counsel's performance fell below *Strickland's* standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101, 105. In other words, the Court must afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (quoting *Cullen*, 563 U.S. at 190); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.    ANALYSIS

The underlying facts of the case are long and complicated. *See Wright v. State*, 2021 WL 3358014. In June 2012, Huong Ly and Long Nguyen, an elderly couple who owned a sewing shop in Arlington, Texas, were murdered. Their son-in-law, Chau Tran, called police to conduct a welfare check on them and police found their bodies in a closet of their home. In 2015, Willie Guillory was arrested in an unrelated case and his DNA matched DNA found at the murder scene. Willie provided information that led to the unraveling of the scheme to commit the murders. In sum, the evidence showed that Petitioner advertised that she had some kind of magic or voodoo to help with business. Chau Tran and his mother-in-law, Huong Ly, hired Petitioner to help with the family's failing sewing business. Tran took cash to Petitioner at her home in Houston from time to time. Tran's son went with him and got the impression that Petitioner was involved in voodoo because there were a lot of charms and statues and things he thought were pretty weird in her home. Tran eventually owed Petitioner $280,000 for her services. Tran told Petitioner that Ly had an insurance policy that could be used to pay the debt. Petitioner solicited Willie's uncle, Bobby Guillory, and he and Willie carried out the murders. Tran paid Petitioner the insurance proceeds over time until he paid what was owed.

The crux of the petition concerns a search warrant police obtained to search Petitioner's home, where they found significant incriminating evidence. Petitioner filed a motion to suppress the evidence, but it was overruled. Petitioner contends that counsel should have pursued the matter of the alleged invalidity of the search warrant as a ground of her appeal. The ground was presented in the state habeas application and determined to be without merit. ECF No. 15-40 at 225–29, 232–34, 239; ECF No. 15-41 (Action Taken). Petitioner has not shown that any of the extensive fact

findings is clearly erroneous.

The record reflects that Petitioner's trial counsel represented her on appeal. ECF No. 15-40 at 222. The attorney about whom Petitioner complains is a board-certified criminal law specialist by the Texas Board of Legal Specialization. *Id.* Petitioner does not question that he was intimately familiar with the facts of the case. She simply disagrees that he picked the strongest issues to pursue on appeal. This despite the fact that she apparently could not select the strongest ground to raise in her state habeas application, where she raised two grounds, ECF No. 15-38 at 18–21, abandoning one of them in her petition for writ of certiorari, ECF No. 15-42, and pursuing one ground here. ECF No. 1. Obviously, strategy is involved. And a state court determination that counsel's conduct "was the result of a strategic and tactical decision is a question of fact" and is entitled to the presumption of correctness and clear and convincing evidence standard. *Neal v. Vannoy*, 78 F.4th 775, 786 (5th Cir. 2023). Petitioner has not met her burden of overcoming the presumption. Nor has she shown that the denial of habeas relief was not merely wrong but objectively unreasonable, i.e., "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Woodall*, 572 U.S. 415, 420 (2014) (quoting *Harrington*, 562 U.S. at 103).

The problem for Petitioner is that she must show that there is a reasonable probability that she would have prevailed on the suppression issue had it been raised on appeal. She argues that the governing law is Section 38.23(b) of the Texas Code of Criminal Procedure.   ECF No. 16 at 6. The Texas courts have already determined that she could not have prevailed under Texas law. Whether Texas courts erred in interpreting Texas law, however, is not for this Court to determine. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Perhaps for that reason Petitioner argues that hers

is a Fourth Amendment claim. However, she does not want the Court to apply or recognize the "good-faith exception" to the Fourth Amendment's exclusionary rule. *See United States v. Leon*, 468 U.S. 897, 905(1984); *Evans v. Davis*, 875 F.3d 210, 219–20 (5th Cir. 2017) ("Proof of a Fourth Amendment violation does not automatically require suppression of unconstitutionally obtained evidence."). She only wants the Court to consider the issue of staleness. ECF No. 16 at 6. Her underlying claim is either a Fourth Amendment claim or it is not. In any event, she has not cited any Supreme Court holdings that clearly establish the correctness of her staleness argument based on the facts of this case. *See, e.g.*, *United States v. Grubbs*, 547 U.S. 90, 95 (2006) (probable cause means a fair probability that contraband or evidence of a crime will be found in a particular place); *Sgro v. United States*, 287 U.S. 206 (1932) (discussing requirements of a search warrant under a particular statute that has since been repealed). More importantly, she has not shown that even had she prevailed on the staleness argument, the outcome of the appeal would have been different. After all, the appellate court determined that the evidence was sufficient to corroborate the accomplice-witness testimony and to support the conviction for capital murder. *Wright v. State*, 2021 WL 3358014. In other words, the suppression issue was not dispositive.

In sum, Petitioner has not shown a reasonable probability that the outcome would have been different had the issue of the motion to suppress been pursued on appeal, much less that her counsel's performance fell below an objective standard of reasonableness.

## V.    CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in the petition.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** this **4th day** of **December, 2023**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

8